# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT HENRY BAKER,<br>Inmate # 99205756,<br>  Plaintiff, | :: <br> :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:06-CV-2877-TWT |
| v. | :: <br> :: | |
| MICHAEL CROFT,<br>Director, Irwin County Detention Center,<br>SHERIFF R.L. (BUTCH) CONWAY,<br>Gwinnett County,<br>  Defendants. | :: <br> :: <br> :: <br> :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Irwin County Detention Center in Ocilla, Georgia, has submitted the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

2

## II. Plaintiff's allegations

Plaintiff alleges that he is illegally imprisoned in Irwin County for a crime he is charged with having committed in Gwinnett County, some 200 miles away. [Doc. 1 ¶ IV.] Plaintiff complains about the lack of an adequate law library. He also complains about the lack of "reasonable attorney-client consultation" to help him prepare a defense, due to the great distances involved. [Id.] Plaintiff seeks monetary damages to reimburse his family and friends, including telephone bills, postage, and travel expenses, and also seeks compensation for the mental anguish he has endured by being deprived of visitation with his fiancé and friends. [Id. ¶ V.]

## III. Discussion

A pre-trial detainee is protected from unconstitutional deprivations by the Due Process Clause of the Fourteenth Amendment. See Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994). However, "prisoners do not have a constitutional right to placement in a particular institution." McCain v. Scott, 9 F. Supp. 2d 1365, 1370 n.1 (N.D. Ga. 1998) (Story, J.) (citing Olim v. Wakinekona, 461 U.S. 238, 244 (1983) (wherein the Supreme Court noted, with respect to a convicted prisoner, that "an *intrastate* prison transfer does not directly implicate the Due Process Clause of the Fourteenth Amendment")). Accordingly, Plaintiff cannot bring a claim in this Court

3

challenging the location where he is currently housed. Moreover, Plaintiff cannot bring a claim for mental anguish without "a prior showing of physical injury," and he has not alleged a physical injury. See 42 U.S.C. § 1997e(e).

Furthermore, access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted). See also Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975) (stating that "[a]ccess to legal materials is but one source, albeit an important one, of providing an adequate pathway to the courts," and "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of the State"). Accordingly, because Plaintiff has an attorney representing him, he cannot make out a constitutional violation based on the allegedly inadequate law library at the Irwin County Detention Center.

Finally, if Plaintiff is somehow being deprived of the right to counsel, he has state court remedies available in his ongoing criminal proceedings, and this Court may not interfere in those proceedings except in exceptional circumstances, which do not appear to exist in this case. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (noting

"the longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief").

### IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 20 day of December, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE